LEONA THOMSEN, APPELLANT, V. SEARS ROEBUCK & Co., APPELLEE.

219 N. W. 2d 746

Filed July 5, 1974. No. 39333.

Matthews, Kelley, Cannon & Carpenter, for appellant.

Douglas Marti, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a workmen's compensation case. The one-judge Workmen's Compensation Court found for the plaintiff. A divided three-judge court reversed and dismissed, and the District Court affirmed the dismissal.

The plaintiff was employed as a salesperson in the defendant's store. She had been an employee for approximately 9 years. On November 30, 1971, plaintiff was scheduled to work from 9 a.m. until 6 p.m. She was required to punch a timeclock at the beginning of her scheduled hours of work and at the end of the workday. She had 1 hour allotted for lunch, to be taken at any time she wished so long as the sales floor was adequately covered by other personnel. Her pay was computed on the basis that she took the required 1 hour for lunch sometime during the scheduled workday. She was not required to punch the timeclock at the lunch break.

The defendant's store premises included a cafeteria open to the public and a separate lunchroom open only to employees. Employees were not required to eat lunch in the employees' lunchroom but were free to go where they pleased. From January 1 of each year until approximately Thanksgiving the employees' lunchroom had only vending machines which dispensed cold food and assorted beverages. A "hot line" was put in service during the Thanksgiving-Christmas rush season. Daily announce-

ments during the rush season reminded the employees of the availability of the employees' lunchroom for hot as well as cold food service. The convenience and quickness of utilizing this facility was emphasized. Food prices in the employees' lunchroom were generally the same as in the public cafeteria except that coffee was 5 cents less. All revenue from sale of the hot food line and a percentage of revenue from vending machines was received by the defendant. The operating superintendent testified that the lunchroom was intended for the convenience of the employees and that it helped to build good morale among them. Persons other than employees were prohibited from entering or using the lunchroom.

On November 30, 1971, the plaintiff left her sales department shortly before noon and went to the employees' lunchroom in the defendant's store for lunch. She had brought a sandwich from home and she purchased a salad and coffee in the lunchroom. After she had eaten and visited with friends for awhile, someone came in and informed her that her son had come for the car keys. She got up to leave the lunchroom, fell, and broke her hip.

The one-judge Workmen's Compensation Court held that the accident and injury arose "out of and in the course of her employment." One judge of the three-judge Workmen's Compensation Court on appeal concluded that plaintiff's accident and injury arose out of and in the course of her employment and was compensable. The other two judges held "that injuries occurring to employees at the lunch hour do not arise out of and in the course of the employment unless the employer requires the employees to eat their lunch and spend the lunch hour on the defendant's premises; * * *." The District Court affirmed the judgment of dismissal entered by the Workmen's Compensation Court.

The sole issue on appeal is whether under the facts here, the accident and injury to the plaintiff, during her

lunch hour and on the premises of the employer, arose out of and in the course of her employment. The most important and pivotal fact here is that the accident and injury occurred on the premises of the employer within the scheduled hours of employment. This court has been committed to the rule that an employee injured on the premises of the employer, where he works, while coming to work or leaving after work is within the course of his employment under the Nebraska Workmen's Compensation Act. McDonald v. Richardson County, 135 Neb. 150, 280 N. W. 456; Acton v. Wymore School Dist. No. 114, 172 Neb. 609, 111 N. W. 2d 368.

We have also held that when an employee was assaulted and injured while eating lunch on the premises of his employer where the meal was furnished as a part of his wages, the injury was sustained in the course of his employment. Miller v. Reisch Co., 132 Neb. 338, 271 N. W. 853.

In Berry v. School Dist. of Omaha, 154 Neb. 787, 49 N. W. 2d 617, we held that when an employee, who is employed to work at specific fixed premises, is injured while absent from those premises for the purpose of eating lunch during a lunch hour, the injury does not arise out of and in the course of the employment. In that case, a teacher was eating lunch at another school building where she had no services to perform in her employment, although the same school district was the owner of both buildings.

We have been cited to no Nebraska case which passes directly upon the specific issues involved here. Although this case on its facts is one of first impression in this State, the issues have been determined in many cases from other jurisdictions. The general rule is stated in 1 Larson, Workmen's Compensation Law, § 21.21(a): "Injuries occurring *on the premises* during a regular lunch hour arise in the course of employment, even though the interval is technically outside the regular

hours of employment in the sense that the worker receives no pay for that time and is in no degree under the control of the employer, being free to go where he pleases.

"There are at least four situations in which the course of employment goes beyond an employee's fixed hours of work: the time spent going and coming on the premises; an interval before working hours while waiting to begin or making preparations, and a similar interval after hours; regular unpaid rest periods taken on the premises, and unpaid lunch hours on the premises. A definite pattern can be discerned here. In each instance the time, although strictly outside the fixed working hours, is closely contiguous to them; the activity to which that time is devoted is related to the employment, whether it takes the form of going or coming, preparing for work, or ministering to personal necessities such as food and rest; and, above all, the employee is within the spatial limits of his employment. * * *

"In any case, most courts have concluded that the unpaid lunch hour on the premises should be deemed to fall within the course of employment."

Numerous cases in support of these propositions are cited. We think it necessary to refer to only a few. The closest in a factual comparison is the case of Dyer v. Sears, Roebuck & Co., 350 Mich. 92, 85 N. W. 2d 152. That case arose in Michigan where a statute created the presumption that employees going to or from work while on the premises where work is to be performed and within a reasonable time before and after working hours are in the course of employment. The statute reflected the earlier case law of Michigan and that case law reflects the Nebraska case law. The Dyer case held that an employee who was allowed an hour a day to eat lunch at any place she pleased, but who ate in her employer's third floor lunchroom and then slipped and fell on the stairs of the employer's building while on her way toward the street to pay a personal bill off the premises before re-

turning to work at the end of her lunch hour, had sustained an injury arising out of and in the course of employment.

In Industrial Commission v. Golden Cycle Corp., 126 Colo. 68, 246 P. 2d 902, an employee was injured by a cave-in as he sat under a bank on the employer's premises to eat his lunch. The Colorado Court said: "Courts generally have been liberal in protecting workers during the noon hour if the injury occurs while the worker is doing what a man may reasonably do within a time during which he is employed and at a place where he may reasonably be at that time. The claimant here, in the matter of eating his lunch at the time designated for that purpose on the premises of the employer, was doing so in the course of his employment."

In Askren v. Industrial Commission, 15 Utah 2d 275, 391 P. 2d 302, an employee was injured in a fall in a cafeteria located in the employer's building where she worked. The cafeteria area was leased by the employer to an operator under arrangements so that the lessee was, in effect, operating the cafeteria for the employer. Employees were not required to eat there but had the privilege of doing so if they desired. The employee fell in the cafeteria during her lunch period. The Utah Court held the injury to be compensable under the Workmen's Compensation Act upon the basis that the operation of the cafeteria was of benefit and advantage both to the employer and the employees. The court quoted from a prior Utah case involving lunch hour shopping to take advantage of an employee's discount, and approved the reasoning that the employee was participating in an activity encouraged by the employer on company premises which was an advantage to the employer and quoted the following language from that case: "(S)uch benefits are considered to be helpful in employer-employee relations, and most of the decided cases hold that the servant has the protection of compensation acts if injured while attempt-

ing to take advantage of such privileges during the lunch hour and while on the employer's premises." See Wilson v. Sears, Roebuck & Co, 14 Utah 2d 360, 384 P. 2d 400. On the same general issues see, also, Thompson v. Otis Elevator Co., 324 S. W. 2d 755 (Mo. App.); Henry v. Lit Brothers, Inc., 193 Pa. Super. 543, 165 A. 2d 406.

The great weight of modern authority supports the view that under the facts of this case the injuries sustained by the plaintiff arose out of and in the course of her employment. Under the facts here, an accidental injury sustained by an employee on the premises where she is employed, during her lunch hour, in a lunchroom maintained by and under the control of the employer for the exclusive use of its employees, is an injury arising out of and in the course of her employment. At the time of the injury she was using the lunchroom for the specific purposes for which the employer had provided it, namely to eat her lunch. The fact that she intended to undertake a personal errand on the premises after leaving the lunchroom is wholly immaterial.

Whether an accident arises out of and in the course of the employment must be determined by the facts of each case. There is no fixed formula by which the question may be resolved. Oline v. Nebraska Nat. Gas Co., 177 Neb. 851, 131 N. W. 2d 410.

Where the injury to an employee occurs on the premises of the employer, but at a time when he is not directly performing his work, the question is whether the employee's conduct is reasonably incident to the employment or is a deviation so substantial as to constitute a break in the employment and to create a formidable independent hazard. In employee actions against employers for injuries sustained on the premises while not actually working, the dividing line between the right to a cause of action for negligence and an action for workmen's compensation is a very nebulous one. Rules and principles which may clarify that demarcation line should

be considered in the light most favorable to workmen's compensation.

"This court has said many times that the Workmen's Compensation Act should be liberally construed to the end that its beneficent purposes may not be thwarted by technical refinement of interpretation." Runyan v. State, 179 Neb. 371, 138 N. W. 2d 484.

Under the facts here, plaintiff's injuries arose out of and in the course of her employment. The judgment of the District Court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.