DAVID R. TARVIN, APPELLANT, V. MUTUAL OF OMAHA INSURANCE
COMPANY AND CIGNA PROPERTY & CASUALTY COMPANIES,
APPELLEES.

472 N.W.2d 727

Filed August 2, 1991.   No. 90-939.

David J. Cullan, of David J. Cullan & Associates, for appellant.

Melvin C. Hansen and Matthew J. Buckley, of Hansen, Engles & Locher, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

David R. Tarvin brought a workers' compensation action against his employer, Mutual of Omaha Insurance Company, and against Cigna Property & Casualty Companies, which supplied workers' compensation insurance coverage for Mutual. Tarvin's action was based on his disabling depression and anxiety, which he claimed were aggravated by his "job-related mental and/or physical stresses, pressures, and activities." At rehearing, the Nebraska Workers' Compensation Court found that Tarvin failed to prove compensability of his condition and dismissed Tarvin's action.

## STANDARD OF REVIEW

Findings of fact made by the Nebraska Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case. . . . In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. . . . Factual determinations by the Workers' Compensation Court will not be set aside on appeal unless such determinations are clearly erroneous. Regarding facts determined and findings made after rehearing in the Workers' Compensation Court, § 48-185 precludes the Supreme Court's substitution of its view of facts for that of the Workers' Compensation Court if the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court. . . . As the trier of fact, the Nebraska Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given testimony.

*Fees v. Rivett Lumber Co.*, 228 Neb. 617, 620, 423 N.W.2d 483, 486 (1988). Accord, *Heiliger v. Walters & Heiliger Electric, Inc.*, 236 Neb. 459, 461 N.W.2d 565 (1990); *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 408 N.W.2d 280 (1987). See, also, Neb. Rev. Stat. § 48-185 (Reissue 1988).

## BACKGROUND OF TARVIN'S CLAIM

*Tarvin's History of Mental Disorder.*

At age 17, Tarvin first suffered depression in 1958 after a serious gunshot injury to his leg, which resulted in chronic arthritis in the injured leg and persistent pain, causing him to limp even to the present. In 1978, Tarvin suffered recurrent major depressive episodes and an apparent schizoid personality disorder. Tarvin was hospitalized and began taking anti-depressant medication regularly and received psychotherapy. In 1985, Tarvin moved to Omaha and commenced employment with Mutual as a computer programmer.

*Tarvin's Job Performance at Mutual.*

In June 1987, a supervisor at Mutual gave Tarvin a verbal warning concerning a disagreement. Although Tarvin experienced some subsequent depression, his work improved, and the supervisor withdrew the warning. Tarvin was eventually promoted to systems analyst. On January 12, 1989, Tarvin received a written warning regarding his performance deficiencies. On February 24, Mutual placed Tarvin on probation for 60 days and informed him that unless his performance improved, his employment would be terminated.

During these disciplinary procedures, Tarvin experienced excessive pressure and stress; for example, his supervisors began to regularly monitor his work and fellow workers excluded him from social events and coffeebreaks. Finally, on March 10, 1989, while en route to work, Tarvin became so filled with anxieties that he was unable to enter an elevator at work and proceed to his office. Tarvin has been unable to work since that incident.

*Tarvin's Mental Evaluation.*

Tarvin then underwent psychiatric evaluation to determine the cause of his inability to work. Dr. James Severa testified that Tarvin's job-related stress caused Tarvin's neurochemical level to become imbalanced, a condition which prevented normal transmission of messages from Tarvin's brain. However, Dr. Severa was unaware of any specific trauma to the body that caused Tarvin's disabling mental condition and that "it took [Tarvin] a while to become dysfunctional . . . ." Another psychiatrist, Dr. Stan Moore, expressed the opinions

that Tarvin suffered from a schizoid personality disorder and major depression and that Tarvin's "brain chemistry has not been altered or changed by the stress experienced at Mutual of Omaha." Dr. Moore expressly rejected Dr. Severa's opinion regarding employment at Mutual as the cause of Tarvin's present mental condition and disability. Moore concluded that there was no causal relationship between any job-related stress that Tarvin may have experienced at Mutual and Tarvin's present mental condition. Dr. Moore elaborated on the basis for his conclusion; for instance, Tarvin experienced almost identical problems before his employment with Mutual, displayed extreme reluctance to form any social relationships, and failed to interact with coemployees. Tarvin manifested those symptoms of a schizoid personality and major depression at least 10 years before he commenced his employment at Mutual.

## ASSIGNMENT OF ERROR

Tarvin claims that the Workers' Compensation Court erred in finding that Tarvin's mental disability was not a compensable injury under the Nebraska Workers' Compensation Act.

## CLAIMANT'S BURDEN OF PROOF

Neb. Rev. Stat. § 48-151(2) (Reissue 1988) in part provides that in all workers' compensation cases, an "accident" shall mean "an unexpected or unforeseen injury happening suddenly and violently . . . and producing at the time objective symptoms of an injury. The claimant shall have a burden of proof to establish by a preponderance of the evidence that such unexpected or unforeseen injury was in fact caused by the employment."

"[F]or an award based on disability, a claimant must establish, by a preponderance of the evidence, that the employment proximately caused an injury which resulted in disability compensable under the Workers' Compensation Act." *Heiliger v. Walters & Heiliger Electric, Inc.*, 236 Neb. 459, 468-69, 461 N.W.2d 565, 572-73 (1990). See, *Grauerholz v. Cornhusker Packing Co.*, 230 Neb. 641, 432 N.W.2d 831 (1988); *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 408 N.W.2d 280 (1987).

"An employee has the burden to show the cause-and-effect relationship involving employment, an industrial injury, and disability." *Fees v. Rivett Lumber Co.*, 228 Neb. 617, 621, 423 N.W.2d 483, 486 (1988).

> [A] claimant is entitled to an award under the Workers' Compensation Act for a work-related injury and disability if the claimant shows, by a preponderance of evidence, that the claimant sustained an injury and disability proximately caused by an accident which arose out of and in the course of the claimant's employment, even though a preexisting disability or condition has combined with the present work-related injury to produce the disability for which the claimant seeks an award.

*Heiliger v. Walters & Heiliger Electric, Inc., supra* at 467, 461 N.W.2d at 571-72.

To sustain an award in a workers' compensation case involving a preexisting disease or condition, a claimant must prove that the injury which is the basis for the claim arose out of and in the course of employment and that the preexisting disease or condition combined with the work-related injury to produce disability, or that the work-related injury aggravated, accelerated, or inflamed the preexisting condition. See, *Heiliger v. Walters & Heiliger Electric, Inc., supra*; *Spangler v. State*, 233 Neb. 790, 448 N.W.2d 145 (1989); Neb. Rev. Stat. § 48-101 (Reissue 1988).

> In a workers' compensation case, by a preponderance of evidence a claimant must prove that the claimant's employment proximately caused the claimed injury or disability and thereby correspondingly negate that a claimant's condition existing independent of the claimant's employment and before a work-related incident alleged to be a cause of the claimed disability is the sole cause of the disability for which compensation is sought.

*Heiliger v. Walters & Heiliger Electric, Inc., supra* at 466, 461 N.W.2d at 571. See, also, *Fees v. Rivett Lumber Co., supra.*

> Unless the character of an injury is objective, that is, an injury's nature and effect are plainly apparent, an injury is a subjective condition, requiring an opinion by an expert to establish the causal relationship between an incident

and the injury as well as any claimed disability consequent to such injury. *Mendoza v. Omaha Meat Processors, supra* at 785, 408 N.W.2d at 289. See, also, *Fees v. Rivett Lumber Co., supra*.

"Determination of causation is, ordinarily, a matter for the trier of fact." *Mendoza v. Omaha Meat Processors, supra* at 778, 408 N.W.2d at 285.

## DISCUSSION

In *Sorensen v. City of Omaha*, 230 Neb. 286, 289, 430 N.W.2d 696, 698 (1988), we stated:

A similar case dealing with mental stimulus producing injury is *Bekelski v. Neal Co.*, [141 Neb. 657, 4 N.W.2d 741 (1942)]. There, this court, interpreting the former but substantially similar version of § 48-151, held that for a plaintiff to recover, he or she had to prove (1) an unexpected or unforeseen event, happening suddenly and violently, (2) producing at the time objective symptoms of injury and (3) violence to the physical structure of the body.

Tarvin claims that he suffered "violence to the physical structure of the body," since he suffered a biochemical alteration of his brain and because "a contributing factor [in the] exacerbation of his pre-existing anxiety and depression was increased pain in his gunshot leg caused by walking and carrying documents at work." Brief for appellant at 15-16.

Without restating all the medical evidence, we note that Dr. Moore testified that stress from Tarvin's employment at Mutual produced no chemical alteration in Tarvin's brain and that Tarvin's mental condition and resultant disability were attributable solely to Tarvin's condition before employment at Mutual. Moreover, Dr. Moore specifically expressed his medical opinion that Tarvin's employment at Mutual did not cause the condition on which Tarvin's workers' compensation claim is based. "We have repeatedly held that where the record presents nothing more than conflicting medical testimony, this court will not substitute its judgment for that of the compensation court." *Zaleski v. Farmland Foods, Inc.*, 219 Neb. 157, 161, 361 N.W.2d 523, 526 (1985). Undoubtedly,

Tarvin suffers an unfortunate and severe disability. However, in view of the medical evidence in Tarvin's case, the Workers' Compensation Court, in resolving a factual question, could reasonably have concluded, and did conclude, that Tarvin failed to prove that his condition was caused by employment at Mutual.

Since there is sufficient evidence to support the factual conclusion by the Nebraska Workers' Compensation Court, we are unable to state that the Nebraska Workers' Compensation Court was clearly erroneous in its factual determination that Tarvin failed to prove an accident resulting in a compensable injury and disability.

The award of the Nebraska Workers' Compensation Court is supported by the evidence, is not clearly erroneous, and is, therefore, affirmed.

AFFIRMED.