JOSEPH S. CANNIA, APPELLEE, V. DOUGLAS COUNTY, NEBRASKA, APPELLANT.

481 N.W.2d 917

Filed March 27, 1992.   No. S-91-722.

James S. Jansen, Douglas County Attorney, and Michael W. Amdor for appellant.

William Stillmock for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant, Douglas County, Nebraska, has appealed from the award of compensation on rehearing by the Nebraska Workers' Compensation Court to the plaintiff, Joseph S. Cannia, for a knee injury which he sustained while attending a course in jail management at the Law Enforcement Training Center in Grand Island, Nebraska. The principal issue is whether the plaintiff's injury arose out of and in the course of his employment by the defendant.

After the one-judge hearing on January 28, 1991, the plaintiff was awarded $231.44 per week for temporary total disability for $9^2/_7$ weeks and payment of his medical expenses.

On rehearing, with one judge dissenting, the compensation court affirmed the award made after the one-judge hearing and awarded an attorney fee in the amount of $1,000, together with interest.

> " 'Findings of fact made by the Nebraska Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case. . . . In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. . . . Factual determinations by the Workers' Compensation Court will not be set aside on appeal unless such determinations are clearly erroneous. Regarding facts determined and findings made after rehearing in the Workers' Compensation Court, § 48-185 precludes the Supreme

Court's substitution of its view of facts for that of the Workers' Compensation Court if the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court. . . . As the trier of fact, the Nebraska Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given testimony.' "

*Schmid v. Nebraska Intergov. Risk Mgt. Assn.*, 239 Neb. 412, 412-13, 476 N.W.2d 243, 244 (1991), quoting *Tarvin v. Mutual of Omaha Ins. Co.*, 238 Neb. 851, 472 N.W.2d 727 (1991).

The record shows that in March 1990 the plaintiff was employed as a Correction Officer I by the defendant at the Douglas County Corrections Department. On May 3, 1990, the plaintiff was advised by his superior officers that in order to keep his job he was required to attend and successfully complete a course in jail management at the Law Enforcement Training Center.

On June 17, 1990, the plaintiff reported to the Grand Island training center. After arrival at the center, he attended an orientation class where he, as well as the other jail management trainees, was given the rules and regulations of the center.

At the orientation class the student monitor read the rules and regulations to the students. The rules and regulations stated that jogging and walking were encouraged.

On Monday, June 18, 1990, the plaintiff went jogging with fellow trainees at approximately 6:30 a.m. After that, he had breakfast and attended classroom activities, including another orientation class, by the center's assistant director and one of its instructors.

The assistant director and the instructor reviewed the rules of the center and discussed the self-defense class that the jail management trainees would be participating in on Thursday of that week. The instructor advised the trainees that they would be engaged in physical activities with each other and the instructors, which activities would include "pressure points and arm bar takedowns and some kicking on a dummy bag." The instructor told the trainees to wear appropriate dress for physical contact, such as jogging shorts and tennis shoes.

On Tuesday, June 19, 1990, the plaintiff, after receiving his 6

a.m. wake-up call, prepared his room and dress for classes and then went outside to jog. While stretching preparatory to jogging, the plaintiff's right knee buckled, and he fell to the ground. The injury to the plaintiff's knee required surgery and subsequent medical treatment.

During the year prior to his attendance at the training center, the plaintiff had not jogged.

In its first three assignments of error, the defendant argues that the evidence was insufficient to show that the plaintiff was injured as a result of an accident arising out of and in the course of his employment because the plaintiff was injured while participating in a personal activity that was not required as part of his employment.

Generally, when an employee is required to travel on business for his employer, and an accident occurs while he is so engaged, the accident arises out of and is in the course of his employment. *McGee v. Panhandle Technical Sys.*, 223 Neb. 56, 387 N.W.2d 709 (1986).

It is undisputed that the plaintiff was required by the defendant to travel to the Law Enforcement Training Center in Grand Island to attend the course in jail management and that the plaintiff was on the premises of the training center when the accident and injury occurred. Under the facts in this case, we believe the compensation court could find that the plaintiff was in the course of his employment at the time of the injury. See *Uzendoski v. City of Fullerton*, 177 Neb. 779, 131 N.W.2d 193 (1964).

The defendant argues that the plaintiff's accident and injury did not arise out of his employment because the plaintiff was engaged in a personal activity at the time it occurred.

The test to determine whether any act or conduct of an employee which is not a direct performance of his work arises out of his employment is whether the act is reasonably incident thereto, or is so substantial a deviation as to constitute a break in the employment which creates a formidable independent hazard. *Chrisman v. Farmers Coop. Assn.*, 179 Neb. 891, 140 N.W.2d 809 (1966).

In *Uzendoski v. City of Fullerton*, 177 Neb. at 782, 131 N.W.2d at 196, this court held:

> "All acts reasonably necessary or incident to the performance of the work, including such matters of personal convenience and comfort, not in conflict with specific instructions, as an employee may normally be expected to indulge in, under the conditions of his work, are regarded as being within the scope or sphere of the employment."

While the plaintiff in this case was not required to jog as part of his employment, he was required to attend and successfully complete the jail management course at the Law Enforcement Training Center. The evidence shows that trainees were encouraged to jog or walk while attending the course at the training center. Furthermore, Deputy Warden William McPhillips testified that there would be a reasonable expectation on his part as an employer that correction officers who were sent to the training center would jog while they were there.

Under the circumstances of this case, the plaintiff's jogging while attending the jail management course at the training center was reasonably incidental to his employment; therefore, the plaintiff's injury arose out of his employment.

With regard to the defendant's assignment of error pertaining to the compensation court's award of an attorney fee to the plaintiff on rehearing, the defendant concedes that the assignment is without merit if this court finds the compensation court was not clearly wrong in its finding that the plaintiff's injury arose out of and in the course of his employment.

The judgment is affirmed.

AFFIRMED.