DIANE LA CROIX, APPELLANT, V.
OMAHA PUBLIC SCHOOLS, APPELLEE.
582 N.W.2d 283

Filed July 10, 1998. No. S-97-1338.

Thomas F. Dowd and Timothy S. Dowd, of Dowd & Dowd, for appellant.

Joseph W. Grant and Lisa M. Meyer, of Gaines, Mullen, Pansing & Hogan, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CONNOLLY, J.

The appellant, Diane La Croix, brought the instant workers' compensation action seeking compensation for injuries she incurred when she fell in a parking lot that was not owned by her employer, appellee Omaha Public Schools (OPS), but in which OPS encouraged her to park her vehicle and from which OPS provided transportation to the workplace. A single judge of the Nebraska Workers' Compensation Court dismissed La Croix's petition based on the "bright-line" premises rule set out by this court in *Johnson v. Holdrege Med. Clinic*, 249 Neb. 77, 541 N.W.2d 399 (1996). A panel of the Workers' Compensation Court affirmed. We conclude that there is a distinct, causal connection between OPS' sponsoring of the parking lot and the occurrence of La Croix's injury and therefore reverse, and remand for further proceedings.

## BACKGROUND

The facts in this case are generally undisputed. La Croix was employed by OPS as a busdriver attendant or "driver's aide." The transportation operation center where La Croix worked had a parking lot available in front of the building, and some parking was available on one neighboring street. Additional parking was available at the Dill Field lot, a parking lot owned by the City of Omaha and located approximately two blocks away from the transportation center. OPS operated a shuttle bus to transport employees between the Dill Field lot and the trans-

portation center where La Croix worked. Unless La Croix arrived at work several hours early, she was generally unable to find a parking space in the areas adjoining the transportation center. As a result, La Croix routinely parked in the Dill Field lot and utilized the shuttle provided by OPS, because no other parking was available.

When La Croix interviewed with OPS, she was told that if the lot adjoining the building was full, she was to park in the Dill Field lot and use the shuttle service. The record contains a memorandum to OPS employees encouraging them to use the Dill Field lot and use the shuttle service. However, the record indicates that employees were not absolutely required to park in the Dill Field lot and utilize the shuttle.

On May 29, 1996, La Croix slipped and fell in the Dill Field lot while on her way to board the shuttle bus. The area in which La Croix fell consisted of mud, covered by loose grass clippings. As a result of the fall, La Croix was injured and unable to work for approximately 11 weeks.

La Croix filed the instant workers' compensation action, and OPS denied that the injury occurred as a result of an accident arising out of and in the course of her employment. A single judge of the compensation court dismissed the petition based on the bright-line rule in *Johnson v. Holdrege Med. Clinic, supra*, which requires an employee to be injured on premises owned by the employer in order to receive workers' compensation. A panel of the compensation court affirmed, stating that although the facts presented an employer-sponsored parking lot exception as discussed by the three-judge concurrence in *Johnson*, the compensation court was bound by the bright-line rule adopted by the majority. See *Johnson v. Holdrege Med. Clinic, supra* (Gerrard, Wright, and Connolly, JJ., concurring).

## ASSIGNMENT OF ERROR

La Croix assigns that the panel erred as a matter of law in applying the bright-line premises rule.

## STANDARD OF REVIEW

There is no factual dispute in this case. The question presented, whether the injury arose out of and in the course of La Croix's employment, is clearly one of law, in connection

with which a reviewing court has an obligation to reach its own conclusions independent of those reached by the inferior courts. *Johnson v. Holdrege Med. Clinic*, 249 Neb. 77, 541 N.W.2d 399 (1996).

## ANALYSIS

La Croix contends that because OPS encouraged employees to use the Dill Field lot and provided transportation to work from the lot, she should be able to recover workers' compensation benefits even though OPS does not own the lot. Thus, La Croix urges this court to allow recovery for injuries that occur in parking lots not owned by the employer when the employer has acted to provide parking in the lot or otherwise sponsored use of the lot.

Neb. Rev. Stat. § 48-101 (Reissue 1993) compensates injury caused an employee by an accident arising out of and in the course of his or her employment. *Johnson v. Holdrege Med. Clinic, supra.*

The phrases "arising out of" and "in the course of" in § 48-101 are conjunctive; in order to recover, a claimant must establish by a preponderance of the evidence that both conditions exist. *Cox v. Fagen Inc.*, 249 Neb. 677, 545 N.W.2d 80 (1996); *Johnson v. Holdrege Med. Clinic, supra.*

The phrase "arising out of," as used in § 48-101, describes the accident and its origin, cause, and character, i.e., whether it resulted from the risks arising within the scope of the employee's job; the phrase "in the course of," as used in § 48-101, refers to the time, place, and circumstances surrounding the accident. *Cox v. Fagen Inc., supra*; *Johnson v. Holdrege Med. Clinic, supra.*

An injury sustained by an employee while going to and from work, at a fixed place of employment, does not arise out of and in the course of employment. See, *Johnson v. Holdrege Med. Clinic, supra*; *P.A.M. v. Quad L. Assocs.*, 221 Neb. 642, 380 N.W.2d 243 (1986); *Acton v. Wymore School Dist. No. 114*, 172 Neb. 609, 111 N.W.2d 368 (1961). This rule is usually referred to as the "going and coming" rule or the "premises" rule. See *Livingstone v. Abraham & Straus*, 216 N.J. Super. 685, 524 A.2d 876 (1987).

This court has characterized the premises rule as a bright-line rule, under which an employee can recover for an injury sustained while going to and from work only if that injury occurred while the employee was on the employer's premises. *Johnson v. Holdrege Med. Clinic, supra.* Thus, in *Johnson,* an employee who was injured while walking to work on public property from a public parking lot could not recover workers' compensation benefits because the injury occurred off the employer's premises. However, we have previously allowed compensation when an employer furnished transportation to work and an employee was injured while being transported in the employer-owned vehicle. *Butt v. City Wide Rock Exc. Co.,* 204 Neb. 126, 281 N.W.2d 406 (1979); *Schademann v. Casey,* 194 Neb. 149, 231 N.W.2d 116 (1975).

The concurrence in *Johnson* stated that because Johnson was injured while traveling between a public, non-employer-controlled area, Johnson's injuries did not arise out of and in the course of employment. However, citing cases where employees received workers' compensation benefits after they were injured while traveling on public areas between portions of the employers' premises, the concurrence stated that by owning or sponsoring a lot off the working premises, an employer creates a condition whereby the employee must face hazards lying between the two premises, causing a situation arising out of and in the course of employment that establishes a causal connection between the conditions of coming and going to work and the injury. Thus, the concurrence in *Johnson* would analyze cases dealing with going to and coming from work by "determining whether a distinct causal connection exists between an employer-created condition and the occurrence of an injury." 249 Neb. at 88, 541 N.W.2d at 405.

Other jurisdictions have held that when an employee is injured while on a public area between an employer-owned parking lot and the place of employment, the public area is considered to be part of the employer's premises if the employee took a reasonably direct route between the two areas. *Simkins v General Motors Corp,* 453 Mich. 703, 556 N.W.2d 839 (1996). However, when an employee parks in a public area not controlled by the employer and is injured prior to reaching the

employer's premises, the employee will not be able to recover workers' compensation benefits. *Id.* These rules allow recovery for injuries that occur on property not owned, leased, or maintained by the employer, but limits recovery to situations in which the employer has some control or responsibility over the area. *Id.* Thus, recovery has been allowed for injuries that occurred in parking lots used, but not owned, by the employer. *Livingstone v. Abraham & Straus, supra*; *Quality Car Wash v. Cox*, 438 A.2d 1243 (Del. Super. 1981), *rev'd on other grounds* 449 A.2d 231 (1982); *C. Iber & Sons, Inc. v. Ind. Com.*, 81 Ill. 2d 130, 407 N.E.2d 39 (1980).

Unlike *Johnson*, where the employer did not sponsor or provide parking, the employer in the instant case encouraged or instructed employees to park in the Dill Field lot, which was often the only parking area available. Most importantly, the employer specifically provided transportation to the workplace from the lot. By providing transportation, the employer created a condition under which its employees will necessarily encounter hazards while traveling to the premises where they work. Thus, there is a distinct, causal connection between the employer's sponsoring of the parking lot and the occurrence of La Croix's injury. Accordingly, because such a causal connection was present in the instant case, the injury to La Croix arose out of and in the course of her employment. La Croix's motion for attorney fees will be considered upon compliance with Neb. Ct. R. of Prac. 9F (rev. 1996).

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.