JOSE L. TORRES, APPELLANT, V. AULICK LEASING, INC., AND ST.
PAUL FIRE AND MARINE INSURANCE COMPANY, ITS WORKERS'
COMPENSATION INSURANCE CARRIER, APPELLEES.

606 N.W. 2d 98

Filed February 18, 2000. No. S-99-594.

Samuel W. Segrist, of Meister & Segrist, for appellant.

Marvin O. Kieckhafer, of Kay & Kay, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

### FACTUAL BACKGROUND

Appellee Aulick Leasing, Inc. (Aulick), is a trucking company engaged in the business of hauling aggregate to highway construction projects. Although Aulick's home office is located in Scottsbluff, Nebraska, the nature of Aulick's business requires that it move its operations from one location to another on a regular basis.

Appellant, Jose L. Torres, began working for Aulick in April 1996 as an over-the-road driver. Torres lived in Scottsbluff but worked for Aulick on several projects at various locations throughout Nebraska, South Dakota, and Wyoming. Torres, like Aulick's other drivers, was assigned a truck for each job. These trucks have sleeper units, and employees were allowed to sleep in the trucks. If a job lasted less than 30 days, the employees were allowed to take a truck to return to their homes for the weekends, but if the job was to last more than 30 days, the employees wishing to return home on weekends would need to use their personal vehicles.

In August 1996, Torres was assigned to a project in the area of Sundance and Gillette, Wyoming. The job was expected to last 4 to 5 months, so employees traveling home on weekends were required to use their personal vehicles. At approximately 3 a.m. on Monday, September 23, Torres was returning to Sundance from Scottsbluff in his personal vehicle when he swerved to miss a deer and rolled his vehicle into a ditch. As a result of the accident, Torres suffered severe injuries and has not been employed since that time.

### PROCEDURAL HISTORY

Torres filed a petition seeking workers' compensation benefits. The trial judge of the Workers' Compensation Court dismissed Torres' petition with prejudice, stating:

In this case, the plaintiff had numerous places of employment during the period of time he was employed by the

defendant. This is a question of law of whether or not the plaintiff's assignment for three to four months to a specific job site in Wyoming constitutes a fixed place of employment. . . . I leave it to the appellate courts to decide whether or not a job site, which lasts three to four months, constitutes a fixed place of employment. If it does constitute a fixed place of employment then the plaintiff would not be entitled to workers' compensation benefits. If it does not constitute a fixed place of employment then plaintiff would be entitled to workers' compensation benefits.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the plaintiff's petition be, and hereby is, dismissed with prejudice.

The Workers' Compensation Court review panel found that it was "implicit in the order of dismissal" that the trial judge did *not* find that Torres had a fixed place of employment and that sufficient evidence existed in the record to support the trial judge's conclusions. Consequently, the review panel affirmed the dismissal of Torres' petition. Torres appeals.

### ASSIGNMENTS OF ERROR

Torres assigns, consolidated and restated, that the compensation court erred in finding that Torres had a fixed place of employment, that Torres was not a commercial traveler, and that the special errand exception to the going to and from work rule did not apply.

### STANDARD OF REVIEW

■ Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1998), an appellate court may modify, reverse, or set aside a compensation court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Frank v. A & L Insulation*, 256 Neb. 898, 594 N.W.2d 586 (1999); *Variano v. Dial Corp.*, 256 Neb. 318, 589 N.W.2d 845 (1999).

## ANALYSIS

▮ Neb. Rev. Stat. § 48-101 (Reissue 1998) compensates injury caused an employee by an accident arising out of and in the course of his or her employment. *Johnson v. Holdrege Med. Clinic*, 249 Neb. 77, 541 N.W.2d 399 (1996), *overruled on other grounds, La Croix v. Omaha Public Schools*, 254 Neb. 1014, 582 N.W.2d 283 (1998). Under the going to and from work rule, injuries sustained by an employee while going to and coming from work do not arise out of and in the course of employment unless it is determined that a distinct causal connection exists between an employer-created condition and the occurrence of the injury. See *La Croix v. Omaha Public Schools, supra.* See, also, *Johnson v. Holdrege Med. Clinic, supra* (Gerrard, J., concurring).

▮ A commercial traveler is regarded as acting in the course of his or her employment during the entire period of travel on the employer's business. *McGee v. Panhandle Technical Sys.*, 223 Neb. 56, 387 N.W.2d 709 (1986). Where an employee, in the performance of his or her duties, is required to travel and an accident occurs while he or she is so engaged, the accident arises out of and in the course of his or her employment and is within the scope of the Nebraska Workers' Compensation Act. *Id.* "[T]raveling employees are generally within the course of their employment from the time they leave home on a business trip until they return, for the self-evident reason that the traveling itself is a large part of the job." 1 Arthur Larson and Lex K. Larson, Larson's Workers' Compensation Law § 14.01 at 14-2 (1999). Consequently, commercial travelers are not subject to the going to and from work rule, because they are already "on the job" during the time that they are traveling.

▮ Under the special errand exception to the going to and from work rule, when an employee, having identifiable time and space limits on the employment, makes an off-premises journey which would not normally be compensable under the usual going to and from work rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the

service itself. *Id.*, § 14.05. See, also, *Reynolds v. School Dist. of Omaha*, 236 Neb. 508, 461 N.W.2d 758 (1990).

 Our review of these matters is precluded, however, by the fact that these issues were not decided by the trial judge. An appellate court will not consider an issue on appeal that was not passed upon by the trial court. *In re Interest of Sunshine A. et al.*, 258 Neb. 148, 602 N.W.2d 452 (1999); *Vinci v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 423, 571 N.W.2d 53 (1997). In appellate proceedings, the examination by the appellate court is confined to questions which have been determined by the trial court. *Bartunek v. Geo. A. Hormel & Co.*, 2 Neb. App. 598, 513 N.W.2d 545 (1994); *Barthel v. Liermann*, 2 Neb. App. 347, 509 N.W.2d 660 (1993).

Workers' Comp. Ct. R. of Proc. 11 (1998) provides:

> All parties are entitled to reasoned decisions which contain findings of fact and conclusions of law based upon the whole record which clearly and concisely state and explain the rationale for the decision so that all interested parties can determine why and how a particular result was reached. The judge shall specify the evidence upon which the judge relies. The decision shall provide the basis for a meaningful appellate review.

In *Owen v. American Hydraulics*, 254 Neb. 685, 578 N.W.2d 57 (1998), this court determined that certain statements in the order of the trial judge were contradictory on the question of the employer's liability. Citing rule 11, we determined that "[n]either party should prevail on the basis of an ambiguity." 254 Neb. at 695, 578 N.W.2d at 64. Finding that the failure of the trial judge to clearly determine the issue precluded meaningful appellate review, we remanded the cause to the trial judge with directions to enter an order complying with the requirements of rule 11. *Owen v. American Hydraulics, supra.*

The review panel in the instant case determined that the necessary factual findings were "implicit" in the trial judge's order. This determination is contradicted by the plain language of the trial judge's order. Moreover, rule 11 clearly requires explicit findings of fact and conclusions of law so that all interested parties and a reviewing court can determine the legal and factual basis upon which a decision is made. Without such findings,

there can be no meaningful appellate review. See *Owen v. American Hydraulics, supra.*

## CONCLUSION

The judgment of the compensation court is reversed and the cause remanded to the trial judge with directions to enter an order which complies with the requirements of rule 11, taking into consideration how the going to and from work rule applies to the facts of the instant case and whether Torres was a commercial traveler or on a special errand at the time of his injury.

REVERSED AND REMANDED WITH DIRECTIONS.