JENNIFER MISEK, APPELLANT, V.
CNG FINANCIAL, APPELLEE.
660 N.W.2d 495

Filed May 2, 2003. No. S-02-876.

Casey J. Quinn for appellant.

Joseph W. Grant, of Gaines, Pansing & Hogan, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

The sole issue presented in this appeal is whether an injury sustained by the appellant, Jennifer Misek, arose out of and in the course of her employment. A Nebraska Workers' Compensation Court trial judge determined that Misek's injury arose out of and in the course of her employment and awarded Misek benefits. A review panel of the compensation court reversed the award of the trial judge. We reverse the decision of the review panel and remand the cause with directions.

## BACKGROUND

Misek was employed by "Check 'n Go," which was owned by CNG Financial. Her job duties included assisting customers at the front counter, answering telephones, photocopying and faxing documents, and running errands to the post office or bank. With no soft drinks available onsite, Misek would also occasionally leave to get soft drinks for herself and her coworkers, sometimes at her own request and sometimes at the request of her supervisor. Misek was not required to "clock out" in order to run these errands and was paid for her time.

Check 'n Go had no formal break policy in place. Misek testified that any break she took had to be approved by her supervisor and that she had never been told she could not take a break. Misek would not usually tell her supervisor precisely what she would be doing on her break. She also testified that she generally did not leave "the area" during her breaks.

While working at Check 'n Go on August 25, 2000, Misek asked her supervisor if she could go to a nearby convenience store and get a soft drink. Her supervisor said yes. Misek then asked her supervisor and coworker if they would like something from the convenience store as well. Each accepted the offer and gave money to Misek to buy them soft drinks. Misek exited out the back door of Check 'n Go, crossed a driveway, and started

walking down a grassy hill. About halfway down the hill, Misek slipped, fell, and broke her left ankle.

Misek filed a petition in the compensation court seeking compensation for her injury. A trial judge of the court entered an award in which the judge concluded that Misek's injury arose out of and in the course of her employment. The judge found:

> [Misek]'s attempt to obtain soft drinks for herself, her supervisor and co-worker during a work break were matters of personal convenience and comfort not in conflict with her supervisors specific instructions that [Misek] would normally be expected to indulge in under the conditions of [Misek]'s work and that there was sufficient control exercised by [Misek]'s supervisor in acquising [sic] to [Misek]'s request to obtain soft drinks for the supervisor and all employees and as such the act arose out of and was within the course and scope of employment and compensable.

CNG Financial filed an application for review, seeking review of the trial judge's award by a review panel of the compensation court. CNG Financial claimed that the trial judge erred in (1) finding that Misek's injury arose out of and in the course of her employment, (2) determining that CNG Financial exercised no scrutiny of Misek's break activities, and (3) extending the rule of law regarding acts of personal comfort and convenience to activities which occurred off-premises and during a break period.

In a two-to-one decision, the review panel of the compensation court reversed the trial judge's award. The review panel noted that this court has consistently held that injuries which occur off the premises of the employer are generally not compensable, citing *La Croix v. Omaha Public Schools*, 254 Neb. 1014, 582 N.W.2d 283 (1998), and *Johnson v. Holdrege Med. Clinic*, 249 Neb. 77, 541 N.W.2d 399 (1996), while injuries occurring on the employer's premises are generally found to be compensable simply because of the situs of the injury, citing *Thomsen v. Sears Roebuck & Co.*, 192 Neb. 236, 219 N.W.2d 746 (1974). Applying these decisions, the review panel found that no recovery was possible where Misek was injured off CNG Financial's premises and where CNG Financial had no means to exercise control over Misek's actions while she was

gone. The review panel also found that the trial judge's reliance on the doctrine of matters of personal convenience and comfort was misplaced. The review panel concluded that

> the trial court erred in its conclusion that [Misek]'s injury occurred while she was in the "course" of her employment with [CNG Financial]. A finding that an injury "arose out of" risks reasonably necessary or incident to the performance of [Misek]'s work is not sufficient in and of itself to sustain an award.

The dissenting judge on the review panel found that the cases cited by the majority were inapplicable to Misek's case and relied on several factually similar cases from other jurisdictions to arrive at the opposite conclusion. The judge also took exception to the majority's determination that CNG Financial had no opportunity or means to exercise authority over Misek when she was on her break. The judge said, "This is contrary to the finding of fact of the trial judge, who found that [CNG Financial] had sufficient control over [Misek] because [Misek] had to ask to take a break."

## ASSIGNMENTS OF ERROR

Misek assigns, rephrased, that the review panel erred in finding that her injury did not arise out of and in the course of her employment.

## STANDARD OF REVIEW

■ An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Zavala v. ConAgra Beef Co., ante* p. 188, 655 N.W.2d 692 (2003).

■ Where there is no factual dispute, the question of whether the injury arose out of and in the course of employment is clearly one of law, in connection with which a reviewing court has an obligation to reach its own conclusions independent of those reached by the inferior courts. *Skinner v. Ogallala Pub. Sch. Dist. No. 1*, 262 Neb. 387, 631 N.W.2d 510 (2001).

## ANALYSIS

Neb. Rev. Stat. § 48-101 (Reissue 1998) compensates injury caused an employee by an accident arising out of and in the course of his or her employment. *Logsdon v. ISCO Co.*, 260 Neb. 624, 618 N.W.2d 667 (2000). The two phrases "arising out of" and "in the course of" in § 48-101 are conjunctive; thus, both must be established by a preponderance of the evidence. *Skinner v. Ogallala Pub. Sch. Dist. No. 1, supra.*

### ARISING OUT OF EMPLOYMENT

The test to determine whether an act or conduct of an employee which is not a direct performance of the employee's work "arises out of" his or her employment is whether the act is reasonably incident thereto, or is so substantial a deviation as to constitute a break in the employment which creates a formidable independent hazard. *Cords v. City of Lincoln*, 249 Neb. 748, 545 N.W.2d 112 (1996); *Cannia v. Douglas Cty.*, 240 Neb. 382, 481 N.W.2d 917 (1992). The "arising out of" employment requirement is primarily concerned with causation of an injury. *Cox v. Fagen Inc.*, 249 Neb. 677, 545 N.W.2d 80 (1996).

All acts reasonably necessary or incident to the performance of the work, including such matters of personal convenience and comfort, not in conflict with specific instructions, as an employee may normally be expected to indulge in, under the conditions of his work, are regarded as being within the scope or sphere of the employment. *Cords v. City of Lincoln, supra.* "[N]o break in the employment is caused by the mere fact that the workman is ministering to his personal comforts or necessities, as by . . . leaving his work . . . to procure drink, refreshments, [or] food." *Appleby v. Great Western Sugar Co., Inc.*, 176 Neb. 102, 107, 125 N.W.2d 103, 107 (1963).

Under the facts of this case, Misek's journey to the convenience store to obtain soft drinks for herself, her supervisor, and her coworker was a matter of personal convenience and comfort an employee may normally be expected to indulge in. We conclude that her injury arose out of her employment.

### ARISING IN COURSE OF EMPLOYMENT

The "in the course of" requirement of § 48-101 has been defined as testing the work connection as to time, place, and

activity; that is, it demands that the injury be shown to have arisen within the time and space boundaries of the employment, and in the course of an activity whose purpose is related to the employment. *Skinner v. Ogallala Pub. Sch. Dist. No. 1*, 262 Neb. 387, 631 N.W.2d 510 (2001). An injury is said to arise in the course of the employment when it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto. *Skinner v. Ogallala Pub. Sch. Dist. No. 1, supra.*

The majority of the review panel relied upon *La Croix v. Omaha Public Schools*, 254 Neb. 1014, 582 N.W.2d 283 (1998), *Johnson v. Holdrege Med. Clinic*, 249 Neb. 77, 541 N.W.2d 399 (1996), and *Thomsen v. Sears Roebuck & Co.*, 192 Neb. 236, 219 N.W.2d 746 (1974), in reversing the trial judge's award. The review panel's reliance on these cases was misplaced because the going to or coming from work rule is inapplicable to the present case. Misek was already at work, and was in the process of taking a rest or coffee break when her injury occurred. This finding is in accord with *King Waterproofing Co. v. Slovsky*, 71 Md. App. 247, 524 A.2d 1245 (1987). In *King Waterproofing Co.*, the employee was struck by a car while crossing the street during his coffee break. The Maryland Court of Special Appeals held that the injury sustained arose out of and in the course of his employment.

Professor Larson tells us:

Now that the coffee break or rest break has become a fixture of many kinds of employment, close questions continue to arise on the compensability of injuries occurring off the premises during rest periods or coffee breaks of various durations and subject to various conditions. It is clear that one cannot announce an all-purpose "coffee break rule," since there are too many variables that could affect the result. . . .

The operative principle which should be used to draw the line here is this: If the employer, in all the circumstances, including duration, shortness of the off-premises distance, and limitations on off-premises activity during the interval can be deemed to have retained authority over the employee,

the off-premises injury may be found to be within the course of employment.

1 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 13.05[4] at 13-61 to 13-62 (2002).

 The trial judge of the compensation court found that CNG Financial exercised sufficient control over Misek by acquiescing to her request to go to the convenience store and buy soft drinks for herself and others. Whether an injury arose out of and in the course of employment must be determined from the facts of each case. *Torres v. Aulick Leasing*, 261 Neb. 1016, 628 N.W.2d 212 (2001). Factual determinations made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.*

Misek also testified that she generally stayed in "the area" during her breaks and would prematurely end her break and return to work early if business picked up while she was away. Misek was paid for her time during a break. In addition, Misek had previously traveled off-premises to buy soft drinks for herself and her coworkers, sometimes at the request of her supervisor. These facts are not in dispute. Where there is no factual dispute, the question of whether the injury arose out of and in the course of employment is clearly one of law, in connection with which a reviewing court has an obligation to reach its own conclusions independent of those reached by the inferior courts. *Skinner v. Ogallala Pub. Sch. Dist. No. 1*, 262 Neb. 387, 631 N.W.2d 510 (2001). Under these facts, we determine that CNG Financial retained control over Misek during her break. Her injury thus arose in the course of her employment.

## CONCLUSION

Misek's injury, sustained off her employer's premises during a break, arose out of her employment. It also arose in the course of her employment because her employer retained authority over her during her break. We reverse the decision of the compensation court review panel and remand the cause with directions to vacate its order reversing the award of the trial judge.

REVERSED AND REMANDED WITH DIRECTIONS.

STEPHAN, J., participating on briefs.