SIDNEY OWEN, APPELLEE, V. AMERICAN HYDRAULICS, INC., AND AETNA CASUALTY & SURETY COMPANY, APPELLANTS.

606 N.W.2d 470

Filed February 25, 2000. No. S-99-686.

Patrick B. Donahue, of Cassem, Tierney, Adams, Gotch & Douglas, for appellants.

Sheldon M. Gallner and Laura L. Pattermann, of Gallner Law Offices, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

This workers' compensation case is before us for the second time. In *Owen v. American Hydraulics*, 254 Neb. 685, 578 N.W.2d 57 (1998), we held that an award entered by the trial judge on December 12, 1996, did not comply with Workers' Comp. Ct. R. of Proc. 11 (1995) in that it was ambiguous and contradictory and thus afforded no basis for meaningful appellate review. We remanded the cause to the trial judge with directions to enter an order in compliance with rule 11. On remand, the trial judge considered the same evidence which was before him at the time of the initial award and concluded that Sidney Owen sustained a compensable injury and was entitled to certain benefits. A review panel of the workers' compensation court affirmed the finding of liability, but remanded the case for further proceedings with respect to certain issues. American Hydraulics, Inc. (AHI), and its workers' compensation carrier, Aetna Casualty & Surety Company (Aetna), then perfected this appeal. We find no error in the order on remand and conclude that it should be affirmed.

BACKGROUND

The evidence adduced at trial on November 13, 1996, is summarized in *Owen* and will not be repeated here except where pertinent to our discussion. On June 30, 1998, the trial judge entered an order on remand in which he determined that on April 3, 1995, while employed as a welder by AHI, Owen suffered cumulative trauma injuries to his left and right arms and hands as a result of an accident arising out of and in the course of his employment. The injuries included bilateral carpal tunnel syndrome; bilateral tendinitis and DeQuervain's syndrome; bilateral epicondylitis; bilateral pronator syndrome and radial tunnel syndrome; dorsal ganglion cyst and degenerative joint disease of the radial ulnar joint, left wrist; bilateral median proximal nerve entrapment syndrome; and bilateral cubital tunnel entrapment syndrome. The trial judge determined, on the basis of evidence summarized in his order, that Owen was entitled to benefits of

$159.82 per week for 8⅚ weeks for a 50-percent temporary partial loss of earning capacity and payment of medical and hospital expenses incurred as a result of his injuries. The trial judge further determined that the surgery which was recommended by Owen's treating physician, but not as yet performed, is related to Owen's accident and injuries and is compensable. Finally, the trial judge determined on the basis of specific medical evidence that Owen had not reached maximum medical improvement and, therefore, reserved a finding as to the degree of permanent impairment, if any, pending the performance of the anticipated surgery and any other necessary medical treatment.

In proceedings before a review panel of the workers' compensation court, AHI and Aetna asserted that the trial court erred as a matter of law in its order on remand in finding that Owen had sustained a compensable accident based upon repetitive trauma. AHI and Aetna also asserted that the trial court erred in failing to follow our mandate when the trial court ruled on factual issues which it had previously stated it could not rule on. As to the first of these assignments, a majority of the review panel concluded that the trial judge was not clearly wrong in his determination that a compensable accident had occurred and therefore affirmed that finding. With respect to AHI and Aetna's second assignment, the review panel majority held:

> The trial court has now established liability. In our view, again ordering an independent medical examination pursuant to Rule 63 is now an option available to the trial court. To make factual findings on issues he was previously unable to resolve, however, we believe to be inconsistent and clear error.
>
> We find that to the extent the trial court has made factual findings in his order on remand of June 30, 1998, which are inconsistent with the award of December 12, 1996, it is clearly wrong and must be remanded to [the trial judge] for further proceedings.

In a dissenting opinion, the third member of the review panel concluded that the order on remand should be reversed and dismissed because of its inconsistency with the initial award.

AHI and Aetna perfected this timely appeal, which we moved to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts.

## ASSIGNMENTS OF ERROR

AHI and Aetna assign, restated and summarized, that both the trial court and the review panel erred (1) in awarding future medical services and reserving the issue of permanent disability because it was not within the scope of this court's mandate; (2) in finding liability, compensation benefits, and future medical services in favor of Owen, when the court concluded in its first award that it was unable to make such findings without resorting to guesswork and speculation; and (3) in finding that Owen had sustained a compensable accident based upon repetitive trauma within the meaning of Neb. Rev. Stat. § 48-151(2) (Reissue 1993). AHI and Aetna further contend that the review panel erred by authorizing the trial court to appoint an independent medical examiner because that issue was not before the court on appeal and because such an appointment may not be made where the plaintiff has failed to meet its burden of proof.

## STANDARD OF REVIEW

An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Jordan v. Morrill County, ante* p. 380, 603 N.W.2d 411 (1999); *Variano v. Dial Corp.*, 256 Neb. 318, 589 N.W.2d 845 (1999).

In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Jordan v. Morrill County, supra*; *Ideen v. American Signature Graphics*, 257 Neb. 82, 595 N.W.2d 233 (1999). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless

clearly wrong. *Harmon v. Irby Constr. Co., ante* p. 420, 604 N.W.2d 813 (1999); *Frank v. A & L Insulation,* 256 Neb. 898, 594 N.W.2d 586 (1999). When testing the sufficiency of the evidence to support findings of fact made by the Workers' Compensation Court, the evidence must be considered in a light most favorable to the successful party and the successful party will have the benefit of every inference reasonably deducible from the evidence. *Wilson v. Larkins & Sons,* 249 Neb. 396, 543 N.W.2d 735 (1996); *Stansbury v. HEP, Inc.,* 248 Neb. 706, 539 N.W.2d 28 (1995).

■ An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Hull v. Aetna Ins. Co.,* 247 Neb. 713, 529 N.W.2d 783 (1995).

## ANALYSIS

We initially address the question of whether the trial judge was clearly wrong in determining that Owen sustained a compensable injury on April 3, 1995, resulting from cumulative effects of repeated work-related trauma. We have recognized that while such cases have some characteristics of both accidental injury and occupational disease, generally the compensability of a condition resulting from cumulative effects of work-related trauma is to be tested under the statutory definition of accident. See, *Jordan v. Morrill County, supra; Frank v. A & L Insulation, supra; Schlup v. Auburn Needleworks,* 239 Neb. 854, 479 N.W.2d 440 (1992). This case was pled and tried as an accidental injury case, and we therefore analyze it as such on appeal.

■ An accident is defined by the Nebraska Workers' Compensation Act as "an unexpected or unforeseen injury happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." § 48-151(2). See, also, *Frank v. A & L Insulation, supra; Sandel v. Packaging Co. of America,* 211 Neb. 149, 317 N.W.2d 910 (1982). The "unexpected or unforeseen" requirement is satisfied if either the cause was of an accidental character or the effect was unexpected or unforeseen. *Jordan v. Morrill County, supra; Schlup v. Auburn Needleworks, supra.*

Owen testified that for approximately 8 years prior to April 3, 1995, he worked for AHI as a "shaft welder" involved in the

repair and manufacture of railroad coupling devices. These devices were made of steel and weighed 60 to 100 pounds, depending upon their length. He worked with these devices throughout his shift, handling each piece five times in order to perform the necessary welding tasks. Owen testified that while he gradually began experiencing pain in his hands and arms in 1994, no definitive diagnosis was made at that time, and that he continued performing his duties as a shaft welder. There is no evidence that Owen knew, prior to April 3, that the repetitive tasks which he performed as a shaft welder could cause the injuries which were diagnosed subsequent to that date, and the record is therefore sufficient to support a finding that the injuries were "unexpected and unforeseen."

■ The second element of the definition of a compensable accidental injury is that it occur "suddenly and violently." § 48-151(2). We have held that in this context, "suddenly and violently" does not mean instantaneously and with force, but, rather, the element is satisfied if the injury occurs at an identifiable point in time requiring the employee to discontinue employment and seek medical treatment. *Jordan v. Morrill County, ante* p. 380, 603 N.W.2d 411 (1999); *Frank v. A & L Insulation*, 256 Neb. 898, 594 N.W.2d 586 (1999). Owen testified that beginning in March 1994, the pain in his hands and arms gradually increased and his production at work decreased. While working on April 3, 1995, Owen was experiencing pain in both hands and arms and his left wrist "went out," causing him to drop the materials with which he was working. At that point, Owen determined that he had "had enough" and advised his supervisor that he could no longer perform his duties. The supervisor instructed Owen to submit an accident report and referred him for medical treatment, which resulted in lost time at work. Although he returned to work, Owen never resumed his duties as a shaft welder and was instead transferred to a position requiring less strenuous activity. This evidence is sufficient to support a finding that Owen's injury occurred "suddenly and violently" within the meaning of § 48-151(2).

■ The third statutory requirement, that the accident produce objective symptoms, is satisfied if the symptoms manifest themselves according to the natural course of such things without any

independent intervening cause. *Jordan v. Morrill County, supra*; *Frank v. A & L Insulation, supra*; *Schlup v. Auburn Needleworks*, 239 Neb. 854, 479 N.W.2d 440 (1992). " ' "[S]ymptoms of pain, and anguish, such as weakness, pallor, faintness, sickness, nausea, expressions of pain clearly involuntary, or any other symptoms indicating a deleterious change in the bodily condition may constitute objective symptoms as required by the statute." ' " *Sandel v. Packaging Co. of America*, 211 Neb. 149, 157, 317 N.W.2d 910, 915-16 (1982), quoting *Harrington v. Missouri Valley Constr. Co.*, 182 Neb. 434, 155 N.W.2d 355 (1967). The evidence summarized above supports a finding that Owen's accident produced "objective symptoms" within the meaning of § 48-151(2).

Accordingly, we agree with the review panel that the trial court was not clearly wrong in determining that Owen sustained an injury caused by an accident arising out of and in the course and scope of his employment with AHI. We therefore turn our attention to AHI and Aetna's contention, accepted to some degree by the review panel, that findings made by the trial judge in his order on remand were precluded by his characterization of the evidence in the original award which was before us in *Owen v. American Hydraulics*, 254 Neb. 685, 578 N.W.2d 57 (1998). Our determination in that opinion that the original award was ambiguous, contradictory, and not in compliance with rule 11 effectively rendered it a nullity. We concluded in *Owen* that "[n]either party should prevail on the basis of an ambiguity," 254 Neb. at 695, 578 N.W.2d at 64, and remanded the cause with specific directions "to enter an order based upon the evidence adduced at trial which complies with the requirements of rule 11," 254 Neb. at 696, 578 N.W.2d at 64. The trial judge has now done so, and therefore the issue on appeal, both before the review panel and this court, is not whether the order on remand is inconsistent with the original award, which we found insufficient for meaningful appellate review, but, rather, whether it is supported by the evidence under the applicable standard of review. That standard prevents both the review panel and an appellate court from substituting their view of the facts for that of the trial judge if there is competent evidence in the record to support the trial judge's decision. *Jordan v. Morrill County, ante*

p. 380, 603 N.W.2d 411 (1999). See, also, Neb. Rev. Stat. §§ 48-179 and 48-185 (Reissue 1998).

In a workers' compensation case, the plaintiff must establish by a preponderance of the evidence that the injury for which an award is sought arose out of and in the course of employment. § 48-151(2); *Frank v. A & L Insulation*, 256 Neb. 898, 594 N.W.2d 586 (1999). If the nature and effect of a claimant's injury are not plainly apparent, then the claimant must provide expert medical testimony showing a causal connection between the injury and the claimed disability. *Frank v. A & L Insulation, supra; Catlin v. Prairie Marketing*, 239 Neb. 363, 476 N.W.2d 234 (1991). Although expert medical testimony need not be couched in the magic words "reasonable medical certainty" or "reasonable probability," it must be sufficient as examined in its entirety to establish the crucial causal link between the plaintiff's injuries and the accident occurring in the course and scope of the worker's employment. *Frank v. A & L Insulation, supra.*

It is the role of the Nebraska Workers' Compensation Court as the trier of fact to determine which, if any, expert witnesses to believe. *U S West Communications v. Taborski*, 253 Neb. 770, 572 N.W.2d 81 (1998). In making the factual determination that Owen's injuries were caused by the accident, the trial judge relied upon opinions expressed by three physicians who examined Owen. Dr. James R. Rochelle, a specialist in orthopedics and sports medicine, diagnosed Owen's injuries as bilateral carpal tunnel syndrome; tendinitis and DeQuervain's syndrome; lateral epicondylitis of both elbows; possible presentation of pronator syndrome and radial tunnel syndrome; and dorsal ganglion cyst and degenerative joint disease of the radial-ulnar joint, left wrist. He stated his "strong opinion that these are work-related conditions" which were "caused and significantly aggravated" by the "repetitive heavy work that he did at American Hydraulic [sic], Inc." Rochelle further opined that because of the persistence of Owen's symptoms, "it seems appropriate for him to consider surgery in the near future."

The trial judge also relied upon opinions expressed by Dr. Jack A. McCarthy, an orthopedic surgeon who began treating Owen in May 1995. McCarthy imposed temporary restrictions

limiting Owen to working 4 hours per day during a period in June and July. When these restrictions failed to alleviate Owen's symptoms, McCarthy recommended surgery, which was scheduled for August 24, but was subsequently canceled, apparently as the result of an objection by Aetna. McCarthy stated in a letter dated October 9, 1995, "It would still be my thought that [Owen] has significant compromise over the forearm area. I think his job as a welder and the heavy associated work activities over the last several years did contribute to the development of his symptoms." As of March 14, 1996, approximately 8 months prior to trial, McCarthy was still of the opinion that surgical intervention was warranted.

Finally, the trial judge considered and relied upon the opinion of Dr. John M. Kalec, expressed on February 21, 1996, that the repetitive work which Owen performed as a welder was a "material and substantial factor in his bilateral arm problems" which included "bilateral median proximal nerve entrapment syndrome . . . bilateral carpal tunnel nerve entrapment syndrome and bilateral cubital tunnel entrapment syndrome." Kalec also expressed his opinion that Owen was "in need of surgical correction."

Based upon this evidence, we cannot say that the trial judge was clearly wrong in finding that Owen's injuries are causally related to the April 3, 1995, accident, that the surgery proposed by McCarthy is related to the accident and therefore compensable, and that Owen is entitled to temporary partial disability benefits for a period of 8⁵/₇ weeks and payment of medical and hospital expenses as set forth in the order on remand. We likewise conclude that there is competent evidence supporting the trial judge's finding that Owen has not reached a point of maximum medical improvement and that a final determination of permanent impairment, if any, should be reserved.

We further conclude that because there is competent evidence in the record to support the trial judge's decision, the review panel exceeded its authority under § 48-179 when it reversed certain factual findings by the trial judge and remanded the case with a suggestion to order an independent medical examination pursuant to Workers' Comp. Ct. R. of Proc. 63 (1998). In so holding, we express no opinion as to whether an independent

medical examination may be utilized with respect to the issues on which the trial judge has reserved ruling because this matter is not presently before us for determination.

## CONCLUSION

For the reasons stated above, we find no error by the trial judge and therefore affirm that part of the order of the review panel affirming the trial judge's determination that Owen has sustained a compensable injury based upon repetitive trauma, and reverse the remainder of the review panel's order. We further direct that the review panel remand the case to the trial judge for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.