Robert Noordam, appellee, v.
Vickers, Incorporated, appellant.
659 N.W.2d 856

Filed April 22, 2003.   No. A-02-769.

Paul F. Prentiss and Paul E. Larson, of Timmermier, Gross & Prentiss, for appellant.

Phillip G. Wright for appellee.

Irwin, Chief Judge, and Carlson and Moore, Judges.

Irwin, Chief Judge.

## I. INTRODUCTION

Vickers, Incorporated, appeals from a decision of the Workers' Compensation Court review panel affirming the trial court's decision. Vickers contends that the review panel erred in finding Robert Noordam suffered a 15-percent loss in earning capacity. Vickers also contends that the review panel erred because it failed to correctly apply the rebuttable presumption of correctness set

forth in Neb. Rev. Stat. § 48-162.01(3) (Cum. Supp. 2002). For the reasons stated herein, we affirm.

## II. BACKGROUND

On March 6, 2000, Noordam filed a petition in the Workers' Compensation Court alleging that he had been injured and that his injury arose out of and in the course of his employment with Vickers. Vickers filed its answer on March 24. Trial was held on December 11. The parties stipulated that Noordam's average weekly wage was $772. At the time of trial, Noordam's attorney indicated that Noordam was not asking for vocational rehabilitation because he was "currently employed." Noordam testified on his own behalf and submitted medical records. Vickers also submitted exhibits.

The trial court entered its award on January 22, 2001. The trial court indicated that the vocational rehabilitation counselor, Tori Stratman, submitted three reports regarding Noordam's loss in earning capacity. We note that the first report by Stratman was prepared based on a rating to a scheduled member only. Stratman did not state a loss in earning capacity in this opinion because she found that it was "not relevant when a scheduled member rating has been assigned by a physician." Because we are dealing with the body as a whole, Stratman's first opinion is irrelevant and is not an issue in this case.

After reviewing Stratman's reports, the trial court stated that "Stratman opine[d] that [Noordam] has anywhere from a 0 percent loss in earning capacity to a 15 percent loss of earning capacity, depending upon which physician's restrictions [were] used." The trial court's order also stated that it "considered the functional capacity assessment set forth in exhibit 49, which showed that [Noordam] could work in the heavy demand level for an 8 hour day." The court "considered all of the expert testimony from the physicians considering the restrictions and impairments, the functional capacity assessment, the three reports of . . . Stratman and the [c]ourt conclude[d], based upon its review of all of the evidence, that [Noordam] suffered a 15 percent loss in earning capacity."

On February 5, 2001, Vickers filed an application for review with the Workers' Compensation Court review panel. On August

22, the review panel entered its order of remand on review. The review panel discussed the reports prepared by Stratman. In Stratman's report dated May 22, 2000, she took "into account the restrictions given to [Noordam] by Dr. [Dean] Wampler in his report of November 18, 1999." Dr. Dean Wampler restricted Noordam to lifting 20 pounds occasionally. Based on these restrictions, Stratman opined that Noordam had a 15-percent loss in earning capacity at that time. Stratman's third report was dated August 25, 2000. In this report, Stratman opined that "[i]f consideration is given to the restrictions outlined in the Functional Capacity Evaluation of [July 18, 2000], it is this Specialist's opinion that Mr. Noordam has sustained a 0% loss of earning capacity."

After reviewing Stratman's three reports, the review panel stated:

> [I]t is impossible for this panel to tell whether the [trial c]ourt viewed each of the different report's [sic] of . . . Stratman as mutually exclusive based upon different findings as to [Noordam's] permanent physical restrictions, or as being part of a process resulting in a final opinion which was rebutted and resulted in the trial court's independent finding with respect to [Noordam's] loss of earning capacity. There is no discussion by the trial court about the method and manner of finding [Noordam's] loss of earning capacity.

The review panel stated that it "must remand this case to the trial judge for findings on issues relating to the applicability of the statutory presumption and whether or not it was rebutted."

On remand, the trial court entered an award on October 17, 2001. The trial court found that it was

> unaware of any statute, court rule or case law that requires that the loss in earning capacity report that is prepared *last in time* is summarily entitled to a rebuttal [sic] presumption of corrections [sic] when there are numerous reports all prepared by the same court appointed vocational counselor, involving different factual analysis.

(Emphasis supplied.)

After stating that it again considered all of the evidence in this case, the trial court found that Noordam sustained a 15-percent loss in earning capacity, based upon the May 22, 2000, report of

Stratman. The trial court found it "somewhat difficult from a logical standpoint to state that a vocational rehabilitation expert has rebutted herself when, in effect, all she has done is given three different opinions based on three different factual scenarios." The trial court found that the factual basis of the May 22 report was "more likely to factuality [sic] exist." Therefore, the trial court found that Noordam sustained a 15-percent loss in earning capacity. The trial court found that the May 22 report should be given the rebuttable presumption.

On October 24, 2001, Vickers filed a second application for review with the review panel. On June 4, 2002, the review panel entered an order of affirmance on review. This timely appeal followed.

### III. ASSIGNMENT OF ERROR

Vickers assigns two errors on appeal, which we consolidate into one. Vickers contends that the review panel erred in affirming the trial court's finding that Noordam sustained a 15-percent loss in earning capacity.

### IV. ANALYSIS

#### 1. STANDARD OF REVIEW

■ An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Owen v. American Hydraulics*, 258 Neb. 881, 606 N.W.2d 470 (2000); *Brummer v. Vickers, Inc., ante* p. 691, 659 N.W.2d 838 (2003); *Brouilette v. DBV Enters.*, 9 Neb. App. 757, 619 N.W.2d 482 (2000).

■ In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Owen v. American Hydraulics, supra; Brummer v. Vickers, Inc., supra.* Upon appellate review, the findings of fact made by the trial judge of the

compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.*

If the record contains evidence to substantiate the factual conclusions reached by the trial judge in workers' compensation cases, an appellate court is precluded from substituting its view of the facts for that of the compensation court. *Miller v. E.M.C. Ins. Cos.*, 259 Neb. 433, 610 N.W.2d 398 (2000). Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own determinations. *Brummer v. Vickers, Inc., supra.* See *Owen v. American Hydraulics, supra.*

### 2. LOSS IN EARNING CAPACITY

Vickers contends that the trial court erred in finding that Noordam sustained a 15-percent loss in earning capacity. Vickers argues that the trial court incorrectly applied the rebuttable presumption under § 48-162.01(3).

Section 48-162.01 of the Nebraska Workers' Compensation Act provides a means of determining a workers' loss in earning power. The pertinent part of § 48-162.01(3) provides that "[i]t is a rebuttable presumption that any opinion expressed as the result of such loss-of-earning-power evaluation is correct."

> A "rebuttable presumption" is generally defined as "[a] presumption that can be overturned upon the showing of sufficient proof." Black's Law Dictionary 1186 (6th ed. 1990). "In all cases not otherwise provided for by statute or by these rules a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence." Neb. Evid. R. 301, Neb. Rev. Stat. § 27-301 (Reissue 1995). We hold that this rule applies to the rebuttable presumption that an opinion regarding loss of earning capacity expressed by a vocational rehabilitation counselor appointed or selected pursuant to § 48-162.01(3) is correct.

*Variano v. Dial Corp.*, 256 Neb. 318, 326, 589 N.W.2d 845, 851 (1999).

Vickers relies on the statement in *Variano* that loss-of-earning-power evaluation refers to "a process as opposed to a document." 256 Neb. at 326, 589 N.W.2d at 851. In *Variano*, the vocational rehabilitation counselor opined that the plaintiff was " 'entitled to

and requires vocational rehabilitation services.' " (Emphasis omitted.) 256 Neb. at 325, 589 N.W.2d at 850. The counselor went on to state that as a result of the plaintiff's work-related injury, the plaintiff *"will have sustained* a loss of earning power of 25% - 30%." (Emphasis in original.) *Id.* The Nebraska Supreme Court found that this statement was an "opinion *up to that point* in time of what [the plaintiff's] loss of earning capacity would likely be after he received the vocational rehabilitation services." (Emphasis supplied.) *Id.*

After the plaintiff in *Variano* participated in vocational rehabilitation services, the counselor issued another report and found that further vocational rehabilitation services would not benefit him. The court found that "[t]he record reflects that the opinion stated by [the counselor in his first report] resulted from the evaluation *process* which was incomplete at the time of his [second] report." (Emphasis in original.) *Id.* at 326, 589 N.W.2d at 851.

In the instant case, Vickers contends that this means that Stratman's multiple opinions should be looked at as a process or progression. Vickers implicitly argues that Noordam was getting progressively better as evidenced by the results of his functional capacity assessment and the resulting succession of reports reflective of Noordam's recovery process. As such, according to Vickers, Stratman's final report is entitled to the rebuttable presumption.

We find that while *Variano* is similar to the case before us, it is not necessarily dispositive, ipso facto. The instant case is similar to *Variano* in that Stratman submitted more than one report regarding Noordam's loss in earning capacity. Stratman made contrary findings in the May 22, 2000, report and the August 25 report.

However, unlike the *Variano* case, Stratman issued two different opinions apparently because she was uncertain whether Noordam was able to work only under the restrictions imposed by Dr. Wampler, i.e., the May 22, 2000, report, or whether Noordam was no longer disabled because the functional capacity evaluation provided proof that Dr. Wampler's restrictions were no longer necessary, i.e., the August 25 report.

In the May 22, 2000, report, Stratman based her findings on Dr. Wampler's lifting restriction of 20 pounds and concluded that

Noordam had sustained a 15-percent loss in earning capacity. When the August 25 report was issued by Stratman, Noordam had completed a functional capacity assessment. After completing this assessment, Stratman found that if "consideration is given to the restrictions outlined in the Functional Capacity Evaluation of [July 18, 2000], it is this Specialist's opinion that Mr. Noordam has sustained a 0% loss of earning capacity." The evidence indicates that Stratman's findings in her reports are independent of each other and based on a different set of facts in one situation versus the other. The contrary opinions do not reflect Noordam's recovery, but, rather, Stratman's uncertainty as to the underlying facts.

There is no indication that Stratman's May 22, 2000, report was incomplete or that she intended to continue evaluating Noordam's progress, as was the situation in *Variano*. Nor is there any indication that Stratman submitted the final report because her previous opinion was incomplete, again as in *Variano*.

In this case, Stratman's reports are independent of one another, not reflecting a process of recovery, as in *Variano*. Rather, Stratman's reports were reflections of her uncertainty as to whether Noordam could work, with or without restrictions, depending on whether Stratman relied on Dr. Wampler's imposition of restrictions or the functional capacity evaluation's apparent indication that no restrictions were necessary. Therefore, we must determine if the trial court was correct when it concluded that Noordam sustained a 15-percent loss in earning capacity, based upon Stratman's May 22, 2000, report. We look to § 48-162.01(3) and general workers' compensation rules for guidance.

With regard to what § 48-162.01(3) requires when applying the presumption, there is no discussion regarding multiple reports by the same vocational rehabilitation counselor and which report should receive the presumption. Section 48-162.01(3) does not preclude or limit the trial court from making factual findings to determine which report is entitled to the rebuttable presumption.

■ General workers' compensation rules provide that findings of fact made by a trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. See *Brummer v. Vickers, Inc., ante* p. 691, 659

N.W.2d 838 (2003). If the record contains evidence to substantiate the factual conclusions reached by the trial judge in workers' compensation cases, an appellate court is precluded from substituting its view of the facts for that of the compensation court. *Miller v. E.M.C. Ins. Cos.*, 259 Neb. 433, 610 N.W.2d 398 (2000). We conclude that when a vocational rehabilitation counselor submits multiple reports that are determined to be written not because a process of recovery was incomplete from the time a prior report was written, but, rather, because a counselor gives differing opinions each based on a different factual scenario, it is up to the trial court to make factual findings to determine which report should be given the rebuttable presumption.

The trial court made findings that the May 22, 2000, report was "more likely to factuality [sic] exist than the other factual basis" upon which the August 25 report was based. The record indicates Dr. Wampler found that Noordam had a 20-pound lifting restriction, and based on this, Stratman found that Noordam suffered a 15-percent loss in earning capacity. The record contains evidence to substantiate the factual conclusions made by the trial court. It is not our place to substitute our view of the facts for that of the trial court. As such, the trial court did not err when it found the rebuttable presumption applied to the May 22 report. We affirm the findings of the trial court and the review panel. This assigned error is without merit.

## V. CONCLUSION

The trial court and review panel did not err when they found that Noordam sustained a 15-percent loss in earning capacity. The trial court and review panel properly applied the rebuttable presumption to the May 22, 2000, report.

AFFIRMED.