BILL BOTTOLFSON, APPELLANT, V. BAG 'N SAVE, INC.,
AND CNA INSURANCE, APPELLEES.
608 N.W. 2d 171

Filed March 31, 2000.    No. S-99-811.

Laura A. Lowe, of Lowe & Alberts, P.C., for appellant.

Brenda S. Spiker, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This is an appeal by Bill Bottolfson from an "Order of Affirmance on Review" entered by the review panel of the Nebraska Workers' Compensation Court. Bottolfson alleges that the review panel erred in affirming the trial court's order of dismissal, finding that Bag 'N Save, Inc., and CNA Insurance properly offset the temporary disability benefits Bottolfson received while undergoing vocational rehabilitation against the 300-week maximum for partial disability benefits. We granted Bottolfson's petition to bypass the Nebraska Court of Appeals. We affirm.

## BACKGROUND

On April 10, 1992, Bottolfson was employed by Bag 'N Save as a meatcutter when he suffered injuries to his back as a result

of an accident arising out of and in the course of his employment. Bottolfson filed a petition with the compensation court seeking workers' compensation benefits. Subsequently, the trial court entered an award in favor of Bottolfson. The trial court found that as a result of Bottolfson's accident and injury, Bottolfson was temporarily totally disabled from and including April 10, 1992, to and including March 23, 1994, a period of $101\frac{5}{7}$ weeks, and thereafter and in addition, sustained a 45-percent loss of earning capacity. The trial court awarded Bottolfson benefits of $265 per week for $101\frac{5}{7}$ weeks for temporary total disability (TTD) and thereafter and in addition, benefits of $130.14 per week for $198\frac{2}{7}$ weeks for permanent partial disability (PPD). In addition, the trial court found that Bottolfson was a candidate for vocational rehabilitation and was entitled to vocational rehabilitation benefits as provided in Neb. Rev. Stat. § 48-162.01 (Reissue 1993).

As set out in the award, Bag 'N Save paid TTD benefits for $101\frac{5}{7}$ weeks, from April 10, 1992, through March 23, 1994, at the rate of $265 per week. Bag 'N Save also paid PPD benefits to Bottolfson at the rate of $130.14 per week, from March 24, 1994, through May 21, 1995, a period of $60\frac{4}{7}$ weeks. Bag 'N Save paid temporary disability benefits at the rate of $265 for $94\frac{3}{7}$ weeks, from May 22, 1995, through March 12, 1997, while Bottolfson was participating in vocational rehabilitation. Additionally, Bag 'N Save paid PPD benefits at the rate of $130.14 per week from March 13, 1997, through January 11, 1998, a period of $43\frac{4}{7}$ weeks. At this point, Bag 'N Save stopped paying PPD benefits.

Bottolfson filed a petition in the compensation court alleging that the credit of temporary disability benefits paid to Bottolfson while he underwent vocational rehabilitation against the 300-week statutory limitation on workers' compensation benefits was contrary to Nebraska law and the provisions of the Nebraska Workers' Compensation Act. Bag 'N Save filed an answer alleging it had paid to Bottolfson benefits for the full 300 weeks, as required by Neb. Rev. Stat. § 48-121 (Reissue 1998).

The trial court entered an "Order of Dismissal" in which it found that Bag 'N Save was correct in crediting the temporary disability benefits paid to Bottolfson while he participated in

vocational rehabilitation against the 300-week statutory limitation on workers' compensation benefits. Bottolfson filed an application for review, and the review panel entered an "Order of Affirmance on Review." Bottolfson filed the present appeal.

## ASSIGNMENT OF ERROR

Bottolfson assigns, restated, that the trial court erred in finding that Bag 'N Save had properly credited the temporary disability benefits Bottolfson received for 94³/₇ weeks while he was participating in vocational rehabilitation against the 300-week statutory limitation of workers' compensation benefits.

## SCOPE OF REVIEW

Under the provisions of Neb. Rev. Stat. § 48-185 (Supp. 1999), an appellate court may modify, reverse, or set aside a compensation court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Sheldon-Zimbelman v. Bryan Memorial Hosp.*, 258 Neb. 568, 604 N.W.2d 396 (2000); *Variano v. Dial Corp.*, 256 Neb. 318, 589 N.W.2d 845 (1999). In determining whether to affirm, modify, reverse, or set aside the judgment of the compensation court review panel, the higher appellate court reviews the findings of the single judge who conducted the original hearing. *Sheldon-Zimbelman v. Bryan Memorial Hosp., supra*; *Ideen v. American Signature Graphics*, 257 Neb. 82, 595 N.W.2d 233 (1999).

An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Sheldon-Zimbelman v. Bryan Memorial Hosp., supra*; *Anderson v. Omaha Pub. Sch. Dist.*, 254 Neb. 1007, 581 N.W.2d 424 (1998).

## ANALYSIS

Bottolfson argues that Bag 'N Save is not entitled to credit the temporary disability benefits Bottolfson received for 94³/₇ weeks while he was participating in vocational rehabilitation against the 300-week statutory limitation on workers' compensation

benefits set forth in § 48-121. Section 48-121 provides in pertinent part as follows:

The following schedule of compensation is hereby established for injuries resulting in disability:

(1) For total disability, the compensation during such disability shall be sixty-six and two-thirds percent of the wages received at the time of injury . . . .

(2) For disability partial in character, except the particular cases mentioned in subdivision (3) of this section, the compensation shall be sixty-six and two-thirds percent of the difference between the wages received at the time of the injury and the earning power of the employee thereafter . . . . *This compensation shall be paid during the period of such partial disability but not beyond three hundred weeks. Should total disability be followed by partial disability, the period of three hundred weeks mentioned in this subdivision shall be reduced by the number of weeks during which compensation was paid for such total disability.*

. . . .

(5) The employee shall be entitled to compensation from his or her employer for temporary disability while undergoing rehabilitation whether the rehabilitation is voluntarily offered by the employer and accepted by the employee or is ordered by the Nebraska Workers' Compensation Court or any judge of the compensation court.

(Emphasis supplied.)

We have previously decided the issue presented in this case in *Sheldon-Zimbelman v. Bryan Memorial Hosp.*, 258 Neb. at 580-81, 604 N.W.2d at 404-05, where we held:

Because benefits received during vocational rehabilitation under § 48-121(5) may be and in this case were "temporary total disability" benefits, a species of total disability benefits, and where such benefits are followed by "partial disability" benefits as in the instant case, pursuant to § 48-121(2), the 300-week period shall be reduced by the number of weeks during which compensation was paid for such total disability.

. . . .

Accordingly, we conclude that the temporary benefits Sheldon-Zimbelman received pursuant to § 48-121(5) while pursuing vocational rehabilitation were TTD benefits and were properly credited against the 300-week statutory limitation on workers' compensation indemnity benefits, to the extent such a credit is permitted under § 48-121(2). The review panel was correct in ruling that as a matter of law under § 48-121(2), [the employer] was entitled to a credit against the PPD payments it owed Sheldon-Zimbelman payable after completion of Sheldon-Zimbelman's vocational rehabilitation for the TTD benefits [the employer] had previously paid Sheldon-Zimbelman while she was undergoing vocational rehabilitation. Sheldon-Zimbelman's assignment of error is without merit.

In the present case, Bottolfson received $265 per week in benefits from May 22, 1995, through March 12, 1997, while he was participating in vocational rehabilitation. The $265 per week Bottolfson received is the TTD rate he was entitled to. In other words, $265 per week is the same amount of TTD benefits that was ordered and paid to him from April 10, 1992, to March 23, 1994. Therefore, the benefits Bottolfson received while participating in vocational rehabilitation were "temporary total disability" benefits, a species of total disability benefits. These TTD benefits were immediately followed by partial disability benefits paid from March 13, 1997, through January 11, 1998. Accordingly, the review panel was correct in ruling that under § 48-121(2), Bag 'N Save properly credited the TTD benefits it paid to Bottolfson for 94³/₇ weeks while he pursued vocational rehabilitation against the 300-week statutory limitation on workers' compensation indemnity benefits. At the time Bag 'N Save stopped making PPD payments to Bottolfson, Bottolfson had been paid compensation from Bag 'N Save for a total of 300²/₇ weeks. Bag 'N Save has paid the 300-week statutory limitation on workers' compensation benefits under § 48-121(2). Bottolfson's assignment of error is without merit.

## CONCLUSION

The review panel was correct in affirming the trial court's finding that Bag 'N Save was entitled to a credit for the TTD

benefits it paid Bottolfson while he participated in vocational rehabilitation against the 300-week statutory limitation of workers' compensation indemnity benefits.

AFFIRMED.